IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**GLORIA CRAIG**,

    **Plaintiff,**

v.

**SOUTHERN ILLINOIS RIVERBOAT/
CASINO CRUISES, Inc., d/b/a
HARRAH'S METROPOLIS CASINO,
MARK CALVIN, individually and in
his official capacity,
ROBERT SIMPSON, and DALE SELLERS,**

    **Defendants.**                          Case No. 08-cv-38-DRH

## MEMORANDUM & ORDER

**HERNDON, Chief Judge:**

### I. INTRODUCTION

Before the Court are Defendants' Renewed Motions to Dismiss (Docs. 23 & 25). Defendant Mark Calvin originally filed a Motion to Dismiss and supporting memorandum (Docs. 4 & 5) and has since renewed said Motion and memorandum (Docs. 23 & 24). Defendants Southern Illinois Riverboat/Casino Cruises, Inc., d/b/a Harrah's Metropolis Casino ("Harrah's"), Robert Simpson and Dale Sellers have also filed a Motion to Dismiss (Doc. 6), which they have renewed via their Response to defendant Calving's Renewed Motion to Dismiss (Doc. 25). Plaintiff has responded in opposition to both Motions to Dismiss (Docs. 7 & 8), but has not filed a response

to the renewed motions. However, the Court will consider Plaintiff's arguments as made in her Responses to the original Motions to Dismiss.

Both the Motions to Dismiss and the renewed Motions move for a dismissal of Plaintiff's Complaint pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 12(b)(5)**, for Plaintiff's violation of **FEDERAL RULE OF CIVIL PROCEDURE 4(m)**, namely, her failure to effectuate service of Defendants within 120 of the filing of her Complaint (Doc. 2). Plaintiff does not contest her failure to comply with **Rule 4(m)**, however, she argues that good cause exists for allowing her an extension of time to serve Defendants. Alternatively, Plaintiff argues that the Court should exercise its discretion to allow a permissive extension of time for service. Because the Court finds that the circumstances in this case neither show good cause nor otherwise warrant a permissive extension, this case must be dismissed for insufficient service of process.

## II. FACTS

Plaintiff has filed suit against Defendants for events arising from the night of February 5, 2005, while she was playing blackjack at defendant Harrah's riverboat gambling casino, located in Metropolis, Illinois (Doc. 2, ¶¶ 9-10). Plaintiff alleges that defendants Simpson and Sellers asked her to leave the casino (*Id*. at ¶ 11). After cashing in her chips, Plaintiff alleges that while she was attempting to exit the riverboat casino, she was abruptly halted by defendants Calvin, Simpson and Sellers, who proceeded to aggressively and violently restrain her (*Id*. at ¶¶ 12-16).

Next, Plaintiff alleges she remained handcuffed and was forcibly detained by Defendants for approximately thirty minutes until she was escorted by a Metropolis police officer, Michael Harrison, to the Massac County Detention Center (*Id.* at ¶¶ 17-18). Plaintiff was placed under arrest for aggravated battery, aggravated battery of a peace officer, and resisting or obstructing a peace officer. She remained in police custody until the evening of February 7, 2005 (*Id.* at ¶ 18). On September 8, 2005, Plaintiff alleges that all criminal charges brought against her for the events of February 5, 2005 were dismissed by the Circuit Court of Massac County, Illinois (*Id.* at ¶ 19).

Plaintiff brings a count alleging a civil rights § 1983 claim of excessive use of force against defendant Calvin (Doc. 2 - Count 1). Against defendants Calvin, Simpson and Sellers, she also brings separate counts for false imprisonment (Counts 2, 5 & 8), assault and battery (Counts 3, 6 & 9) and intentional infliction of emotional distress (Counts 4, 7 & 10). Against defendant Harrah's, Plaintiff has brought a count alleging respondeat superior liability for the actions of defendants Calvin, Simpson and Sellers (Count 11).

The allegations in the instant suit were the subject of a prior suit filed in this Court by Plaintiff, entitled *Craig v. Southern Illinois Riverboat/Casino Cruises, Inc., d/b/a Harrah's Metropolis Casino, et al.*, Case No. 05-cv-812-DRH. Plaintiff's prior related suit was voluntarily dismissed without prejudice, over defendant Calvin's objection, on January 19, 2007. Plaintiff filed the instant suit on January 18, 2008 – one day prior to the one-year deadline for refiling.

# III. DISCUSSION

## A. Legal Standard

Defendants have all moved for dismissal pursuant to **Rule 12(b)(5)** for insufficient service of process. In accordance with **Rule 4(m)**:

> If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

**FED. R. CIV. P. 4(m)**.

Typically, to constitute "good cause," the plaintiff should be able to show "a valid reason for delay, such as the defendant's evading service." ***Coleman v. Milwaukee Bd. of School Directors*, 290 F.3d 932, 934 (7th Cir. 2002) (citations omitted)**. Should the plaintiff fail to show good cause for her failure to accomplish timely service, the Court may still, in its discretion, grant an extension of time for service. ***United States v. Ligas*, 549 F.3d 497, 499 (7th Cir. 2008)**. Among factors for a Court to consider in this regard are whether the plaintiff's suit will thereafter be barred by the applicable statute of limitations, prejudice to the defendant if the suit is not dismissed, the defendant's actual notice of the lawsuit and whether service was eventually effected, even if untimely. ***Troxell v. Fedders of N. America, Inc.*, 160 F.3d 381, 383 (7th Cir. 1998)**. A Court's decision not to exercise its discretion to permit an extension of time for service will only be reversed on appeal if the decision was found to be arbitrary or unreasonable. ***Id.* (citation**

**omitted)**.

**B. Analysis**

Plaintiff voluntarily dismissed her initial suit and then filed the instant suit a day before the statute of limitations on her claims expired. It is undisputed that Defendants were not served with summons within the 120-day time period allowed under **Rule 4(m)**. The Parties also agree that waiver of service of summons requests were not sent out to Defendants until 116 days after Plaintiff re-filed her Complaint. The waiver was sent to defendant Calvin by way of the Springfield office of the Illinois Gaming Board (the "Springfield office"), received 119 days after Plaintiff's Complaint was filed. Although it is affiliated with his employer the Illinois Gaming Board, Calvin contests that the Springfield office was not the location where he works. As for defendants Harrah's, Simpson and Sellers, while there is no argument about whether the waiver was sent to the correct place for Defendants' receipt, they did not receive the waiver of summons until 118 days after Plaintiff's Complaint was filed. There is no record that any of the Defendants were ever served within the 120-day period or that the waiver of service forms were ever returned signed by any of the Defendants.

As part of her Responses (Docs. 7 & 8), Plaintiff has moved for an extension of time for service. She has also filed a Motion for Second Extension of Time to Effect Service on Defendant Calvin (Doc. 22). Plaintiff argues that good cause exists for allowing an extension of time for service upon Defendants.

Regarding defendant Calvin, Plaintiff's attorney claims he did attempt to locate Calvin's actual address for service, but was unable to do so from either the case materials of Plaintiff's previous suit or through other diligent endeavors (*see* Doc. 7, Ex. 1 - Richard Whitney Aff., ¶¶ 7-10). Instead, he sent the waiver of service to the Springfield office, which was the location at which Plaintiff's prior counsel had served Calvin with summons for her previous suit.[1] Thus, Plaintiff's current counsel believed the Springfield office address was his "best bet" for an address to send the waiver of service to Calvin (*Id*. at ¶ 10).

Plaintiff's counsel claims that the reason he sent waivers of service forms to all Defendants rather than attempting to effect personal service was because "in [his] experience, most state, corporate and professional defendants, (Mr. Calvin falling into the first and third categories, the other Defendants falling into the second and third categories) *prefer* to receive a waiver, since the Rule provides greater time to answer" (*Id*. at ¶ 7). Further, counsel "assumed, based on the history of the prior case, that Defendants would sign and return the waiver within the 30 days, counsel would enter their appearance (as they ultimately did) and that this case would move forward without the necessity of having to request an extension of time for service" (*Id*. at ¶ 12). Plaintiff's counsel thereafter admits that he should have sought an extension of time first, and not merely made such an assumption (*Id*.). Additionally,

---

[1] Plaintiff's counsel states that Calvin was not actually served with summons in Plaintiff's previous suit, as the summons was erroneously marked "Corporation service," but Calvin's counsel (who remains Calvin's current counsel in this suit) did not then suggest there was a problem with service, but instead, filed an Answer in the previous suit on Calvin's behalf (Doc. 7, Ex. 1 - Whitney Aff., ¶ 10).

Plaintiff's counsel admits that the waiver of service forms were sent to Defendants at the "11th hour" (*Id*. at ¶ 5). However, he believes this is justified due to an unforeseen heavy caseload as well as his inability to locate a proper service address for defendant Calvin, despite his diligent efforts to do so (*Id*.).

Should the Court not find these reasons constitute "good cause" to grant an extension, Plaintiff's counsel asserts that the Court should exercise its discretion to allow a permissive extension. A permissive extension of time for service should be granted in this case, Plaintiff's counsel argues, because it appears all Defendants had *actual* notice of Plaintiff's instant suit, although timely service was not properly effectuated upon any of them. Moreover, Plaintiff's counsel does not believe such extension would prejudice any of the Defendants. However, should an extension of time not be granted and the suit instead dismissed, Plaintiff will be time-barred from re-filing her suit.

Conversely, Defendants all argue Plaintiff has not shown good cause for an extension. First, there is no evidence that any of Defendants attempted to evade service. There is also no rule that satisfies service requirements should a plaintiff merely send out a waiver of service within the initial 120-day period, nor is there a rule requiring a defendant to sign and return the waiver immediately when a plaintiff waits until the "11th hour" to send it. Unlike Plaintiff's counsel suggests, Defendants do not believe that a heavy caseload is atypical for an attorney and should not serve as "good cause" in this matter. Further, Plaintiff's counsel's difficulties in obtaining a proper service address for defendant Calvin does not explain why he failed to send

a waiver of service to the remaining Defendants any earlier than he did.[2]

Defendants similarly do not believe the Court should exercise its discretion to allow permissive extension of service. Plaintiff voluntarily dismissed her initial suit against Defendants over defendant Calvin's objection. Calvin did not wish there to be a dismissal of the initial suit, as he desired "a quick and final resolution of this matter." Instead, Calvin states that now over three years have passed since the date of the incident from which this suit arises, "memories fade," and that "Plaintiff has delayed this action, even though she bears the burden of prosecuting the case."

Considering the Parties' arguments, the Court finds good cause does not exist in this case to warrant an extension of time for service upon any of Defendants. Plaintiff's counsel offers no justifiable explanation as to why he waited nearly four months after filing this suit to send out the waiver of service forms to Defendants. As for his difficulties in obtaining a service address for defendant Calvin, had he anticipated he may not have the correct address, he should have filed a motion for extension of time for service before the 120-day period expired, not after Calvin filed his Motion to Dismiss (Doc. 4). Assuming Defendants would sign and return the waiver forms without objection was, unfortunately, the wrong thing to do. Nowhere in the procedural rules does it constitute "service" when a plaintiff's attorney sends out the waiver of service form to a defendant within the 120-day service period. In

---

[2] There are also factual discrepancies between the Parties as to whether Plaintiff's counsel's telephone calls to Defendants' counsel regarding the service issue were ever returned. Yet, the Court does not find resolution of these issues integral in deciding Defendants' Motions.

fact, **Rule 4(d)(1)(F)** requires that a defendant be given at least 30 days after the waiver was sent to return the waiver. This, of course, must be 30 days within the 120-day service period (or extended period if an extension is thereafter granted). Here, Plaintiff allowed Defendants no more than one to two days to return the waiver. This practice is not compliant with the federal rules of civil procedure. The fact that Plaintiff's counsel had an unforseen heavy caseload also does not convince the Court that good cause exists for an extension. An extension of time for service may have been granted had one been requested before the expiration of the 120-day period, but this is not what happened. Plaintiff's untimely requests for extensions will not now suffice.[3]

Because the Court does not find good cause exists to warrant an extension, it must next look to whether it should exercise its discretion to grant a permissive extension of time for service. This is Plaintiff's second bite at the apple regarding her claims against Defendants. The Court granted Plaintiff's request to voluntarily dismiss her previous suit against defendant Calvin in Case 05-cv-812-DRH, over his objections.[4] The voluntary dismissal occurred after the Parties had commenced discovery as well as file several dispositive motions. While the Court found a dismissal permissible, it does not operate in Plaintiff's favor now. Rather than acting expeditiously, Plaintiff's counsel waited until the "11th hour" to attempt

---

[3] Nor will Plaintiff's untimely service made upon defendants Sellers and Simpson on August 15, 2008 and defendant Calvin on September 10, 2008 (*see* Doc. 22).

[4] Plaintiff was permitted as of right to voluntarily dismiss her initial suit against the remaining Defendants as they had not yet filed their Answer or a summary judgment motion.

to obtain Defendants' waiver of service. Rather than anticipating a dour outcome and requesting a precautionary extension for time of service before the expiration of the 120-day service period, Plaintiff's counsel merely assumed things would work out. The 120-day period ended approximately mid-April 2008. Plaintiff's counsel did not even request an extension of time until nearly four months afterwards, While the Court is absolutely mindful that Plaintiff's claims will be time-barred should this suit be dismissed, given the circumstances, it cannot in good conscience exercise its discretion to allow such a lengthy extension of time. Therefore, Defendants must prevail on their Motions to Dismiss.

## IV. CONCLUSION

Because the Court does not find good cause to permit Plaintiff an extension of time to serve Defendants, nor will it exercise its discretion to permit such an extension, it **GRANTS** Defendants' Renewed Motions to Dismiss (Docs. 23 & 25), **FINDING AS MOOT** Defendants' initial Motions to Dismiss (Docs. 4 & 6) and **DENYING** Plaintiff's First and Second Motions for Extension of Time for Service (Docs. 7, 8 & 22). Plaintiff's case is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

Signed this 23rd day of February, 2009.

/s/     DavidRHerndon
**Chief Judge**
**United States District Court**