IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**GLORIA CRAIG**,

    **Plaintiff,**

v.

**SOUTHERN ILLINOIS RIVERBOAT/
CASINO CRUISES, Inc., d/b/a
HARRAH'S METROPOLIS CASINO,
MARK CALVIN, individually and in
his official capacity,
ROBERT SIMPSON, and DALE SELLERS,**

    **Defendants.**　　　　　　　　　　　　　Case No. 08-cv-38-DRH

## ORDER

**HERNDON, Chief Judge:**

### I. INTRODUCTION

This matter is before the Court pursuant to Plaintiff's Motion to Reconsider pursuant to Federal Rule of Civil Procedure 59(e). (Doc. 33). On February 23, 2009, the Court dismissed this case, without prejudice, for Plaintiff's failure to timely serve the Defendants. (Doc. 30). Plaintiff timely moved for reconsideration of that order pursuant to Rule 59(e). (Doc. 33). Defendants Southern Illinois Riverboat Casino Cruises, Inc., Robert Simpson and Dale Sellers timely filed a Response arguing that the Motion to Reconsider be denied. (Doc. 34). Defendant Mark Calvin timely filed a Response also arguing that the Motion to Reconsider be denied. (Doc. 37). For the reasons stated herein, the Court denies Plaintiff's Motion to Reconsider.

## II. LEGAL STANDARD

**Federal Rule of Civil Procedure 59(e)** provides that "[a]ny motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment." A Rule 59(e) motion "must clearly establish either a manifest error of law or fact or must present newly discovered evidence." ***LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995)(citing *FDIC v. Meyer*, 781 F.2d 1260, 1268 (7th Cir.1986))**. To support a motion for reconsideration based on newly discovered evidence, the moving party must show it did not know and reasonably could not have discovered with reasonable diligence the evidence proffered in the motion for reconsideration until after judgment was rendered. ***Caisse Nationale de Credit v. CBI Industries*, 90 F.3d 1264,1269 (7th Cir. 1996)**. Therefore, a motion made pursuant to Rule 59(e) cannot be used as "a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to judgment." ***Moro v. Shell Oil Co.*, 91 F.3d 872, 875 (7th Cir. 1996)**.

Determining whether to grant a Rule 59(e) motion is at a district court's discretion. ***See Pickett v. Prince*, 207 F.3d 402, 407 (7th Cir. 2000)(stating "[A] motion to reconsider a ruling is constrained only by the doctrine of the law of the case. And that doctrine is highly flexible, especially when a judge is being asked to reconsider his own ruling.")(citations omitted)**. "The rule essentially

enables a district court to correct its own errors, sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." ***Russell v. Delco Remy Div. of General Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995) (citation omitted)**. The function of a motion to reconsider a judgment is not to serve as a vehicle to re-litigate old matters or present the case under a new legal theory. ***Bordelon v. Chicago School Reform Bd. of Trustees*, 233 F.3d 524, 529 (7th Cir. 2000)(citing *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996))**. Moreover, the purpose of such a motion "is not to give the moving party another 'bite of the apple' by permitting the arguing of issues and procedures that could and should have been raised prior to judgment." ***Yorke v. Citibank, N.A.* (*In re BNT Terminals, Inc.*), 125 B.R. 963, 977 (N.D. Ill.1990) (citing *F.D.I.C. v. Meyer*, 781 F.2d 1260, 1268 (7th Cir.1986)(other citations omitted))**. "A Rule 59(e) motion is not a procedural folly to be filed by a losing party who simply disagrees with the decision; otherwise, the Court would be inundated with motions from dissatisfied litigants." ***Id.***

### III.  ANALYSIS

In the first place, the Court did not enter final judgment in this case. Rather, the Court entered an order dismissing the case, *without prejudice*. Thus, Rule 59(e) technically does not apply. Regardless, however, even if Rule 59(e) does apply, Plaintiff fails to present either a manifest error of law or fact or newly discovered evidence. Rather, in large part Plaintiff attempts to use this motion as a vehicle to

re-argue issues that were already raised prior to dismissal.

### A.    Plaintiff's First Argument

Plaintiff's first argument focuses upon the Court's use of the word "waited" in two sentences in the Order dismissing the case. (Doc. 30., p. 8-10). The relevant sentences of the Order to which Plaintiff now cites error were as follows:

> (1) "Plaintiff's counsel offers no justifiable explanation as to why he waited nearly four months after filing this suit to send out the waiver of service forms to Defendants." (Doc. 30, p.8).

> (2) "Rather than acting expeditiously, Plaintiff's counsel waited until the "11th hour" to attempt to obtain Defendants' waiver of service." (Doc. 30, pp. 9-10).

Plaintiff argues that if the Court's use of the term "waited" implies that the Court based its decision dismissing the case on Plaintiff's counsel's "conscious, intentional decision," to delay mailing the waiver of service forms, then the Court committed a manifest error. (Doc. 33, pp. 1-2). Plaintiff's foray into semantics is of no avail.

To be clear, the Court did not base its decision on the belief that Plaintiff willfully delayed service. As part of Plantiff's argument against dismissal of the case, Plaintiff's counsel swore in an affidavit that the delay was not due to intentional delay. (Doc. 7-2-Affidavit of Richard J. Whitney). However, the record undisputably reflects that Plaintiff's counsel failed to mail or otherwise effectuate sending out the waiver of service documents until nearly four months after the lawsuit was filed. (Doc 7-2). Plaintiff's counsel admits that fact. (Doc. 7-2). The reasons Plaintiff's counsel gave for the delay in effectuating delivery of the waiver of service forms boils down to that (a) he was too busy with other cases and without adequate assistance

to timely effectuate delivery; and/or (b) he was unable to locate Defendant Calvin. (Doc. 7-2, ¶'s 5-7).

Whether Plaintiff's counsel failed to deliver the waiver of service forms because he was too busy with other matters and could not find one of the Defendants or because he made a "conscious, intentional decision" to not mail the documents makes little difference for purposes of the Court's Order dismissing the case. Nor would it be of any assistance to Plaintiff's cause if the reason for counsel's failure was simply that he forgot to mail the forms. Regardless of Plaintiff's counsel's motivation or state of mind, the reasons Plaintiff's counsel provided for the "delay" are simply not "good cause" given the record. Thus, Plaintiff's first argument fails to point to a manifest error of law or fact and is denied.

### B. Plaintiff's Second Argument

Plaintiff's second argument focuses on the following sentence from the Court's Order dismissing the case:

> "As for his difficulties in obtaining a service address for defendant Calvin, had he anticipated he may not have the correct address, he should have filed a motion for extension of time for service before the 120 day period expired, not after Calvin filed his Motion to Dismiss."

(Doc. 30, p. 8). Plaintiff argues that in this statement the Court erroneously focused on what counsel should have done instead of whether or not he showed good cause for the failure. (Doc. 33, p. 3). Plaintiff then goes on to revisit all the reasons for counsel's failure to locate Defendant Calvin and timely serve him that Plaintiff argued in response to Defendants' Motions to Dismiss. Plaintiff's arguments again fall short.

Plaintiff's argument does not point to a manifest error of law or fact. Rather, Plaintiff attempts to cherry-pick a single sentence from the Court's Order and construe it out of context with the rest of the Order to assign error where there is none. Plaintiff then attempts to use that point as a vehicle to reargue the Motions to Dismiss. It is apparent in the Order dismissing the case that the Court gave due consideration to the reasons Plaintiff provided for counsel's failure to locate and serve Defendant Calvin and found that they did not constitute good cause under the circumstances. (Doc. 30, pp. 6-10). The sentence Plaintiff focuses on merely adds further context to the finding of lack of good cause by pointing out that Plaintiff could and should have moved for an extension of time before the period for service expired and certainly before Defendants filed dispositive motions, but did not. (Doc. 30). That statement remains a true and correct statement of fact and law. Plaintiff's counsel admitted as much in his affidavit filed in response to the Motions to Dismiss. (Doc. 7-2, p. 6). Because Plaintiff's second argument fails to point to a manifest error of law or fact, the Court rejects it.

### C. Plaintiff's Third Argument

Plaintiff's third argument centers on the Court's decision to deny Plaintiff a permissive extension of time. Specifically, Plaintiff cites *United States v. McLaughlin*, 470 F.3d 698 (7th Cir. 2006) for two propositions. First, she points to the case as an example of a permissive extension of time for service of process being allowed despite a lengthier delay in service than that in the case at bar. Second Plaintiff argues that the Court committed manifest error by not considering the

factors set forth in *McLaughlin* as relevant to a decision on whether to allow a permissive extension of time. Those factors, Plaintiff argues, are (a) the prejudice or lack thereof to the defendant(s); (b) whether dismissal of the suit would bar it from being re-filed; (c) whether the defendant(s) had actual notice of the lawsuit.

In the first place, Plaintiff previously raised the *McLaughlin* case in response to Defendant's Motion to Dismiss. (Doc. 7). The Court considered it and rejected Plaintiff's arguments. (Doc. 30). The *McLaughlin* case does not now dictate a different result. The holding of the *McLaughlin* case was that the district court did not abuse its discretion in <u>allowing</u> a permissive extension of time. **United States v. McLaughlin, 470 F.3d 698, 701 (7th Cir. 2006)**. The case does not stand for the proposition that it is an abuse of discretion if a district court denies a permissive extension of time under similar circumstances. It also does not stand for the proposition that a district court is <u>required</u> to consider the factors taken under consideration by the 7th Circuit in the case as Plaintiff seems to argue.

Secondly, the facts of the *McLaughlin* case are distinguishable from the case at bar. The 7th Circuit affirmed the district court because (a) the defendant already admitted liability and therefore was not prejudiced by the delay; and (b) the defendant received a copy of the complaint within the 120 day period. **McLaughlin, 470 F.3d at 701**. The court noted that it was "icing on the cake" that a dismissal of the suit would have effectively been with prejudice because the statute of limitations expired 5 days after the suit was filed, which would have resulted in a $3

million windfall to the defendant. *Id*.

In the case at bar, none of the Defendants admit liability. In fact, in the previous incarnation of this case, the defendants filed motions for summary judgment just prior to Plaintiff moving to voluntarily dismiss the case. Thus, prejudice arguably would accrue to them, as they continue to argue. This is not a case of "zero prejudice" as was *McLaughlin*. **United States v. McLaughlin, 470 F.3d 698, 701 (7th Cir. 2006)**. The *McLaughlin* case also had not been previously voluntarily dismissed after summary judgment motions were filed as in the case at bar. More importantly, the plaintiff in the *McLaughlin* case actually moved for an extension of time prior to the defendant filing a responsive pleading. **McLaughlin, 470 F.3d at 699**. In the case at bar, Plaintiff did not request an extension of time until after Defendants filed motions to dismiss based on her failure to timely serve the Complaint. (Docs. 4-8). Finally, the plaintiff in *McLaughlin* mailed the waiver of service forms approximately seven weeks after the filing of the suit, and after receiving no response, attempted formal service of process within the 120 day time period. **McLaughlin, 470 F.3d at 699**. The plaintiff mistakenly believed it had properly effected formal service of process and did not realize an error occurred until after the 120 day deadline passed. *Id.* In the case at bar, whether intentionally or unintentionally, Plaintiff did not mail waiver of service forms until 116 days after the filing of the Complaint and did not attempt formal service of process until long after the 120 day deadline passed and Defendants moved to dismiss the case for lack

of service. (Docs. 7-2; 14-16; & 21). The facts simply are not comparable. As the Court previously found, the facts of the case at bar do not merit allowing Plaintiff a permissive extension of time. (Doc. 30).

On a final note regarding *McLaughlin*, the Court took into consideration the factors considered in *McLaughlin*, including (a) the potential prejudice to Defendants; (b) the fact that Defendants had actual notice; and (c) the fact that Plaintiff's suit would effectively be barred by the statute of limitations (Doc. 30, p.6-10). Nonetheless, the Court decided against allowing the permissive extension of time given the totality of the circumstances. (Doc. 30). While the result is that Plaintiff cannot re-file the case because of the statute of limitations, the running of the statute does not <u>require</u> a district court to extend the time for service of process. **Panaras v. Liquid Carbonic Industries, 94 F.3d 338, 341 (7th Cir. 1996)**. In sum, Plaintiff's reliance on *McLaughlin* for purposes of this Motion for Reconsideration is misplaced. The case does not mandate the result Plaintiff argues. Nor do the other cases Plaintiff cites in the Motion to Reconsider regarding this argument.

The issue in **Panaras v. Liquid Carbonic Industries, 94 F.3d 338 (7th Cir. 1996)**, focused on whether the district court exercised its discretion to determine whether to allow the plaintiff a permissive extension of time pursuant to Rule 4(m). **Panaras, 94 F.3d at 341**. The 7th Circuit reversed and remanded because it determined the district court did not consider the issue of a permissive extension

at all.  *Id*.  In the case at bar, the Court did give consideration to a permissive extension of time, including the fact that if dismissed Plaintiff's suit would be barred by the statute of limitations, and decided against allowing the extension.  (Doc. 30).  There was no manifest error of law or fact.

The case of ***Troxell v. Fedders of North America, Inc.*, 160 F.3d 381 (7th Cir. 1998)** actually cuts against Plaintiff's argument that the Court committed a manifest error of law or fact.  In that case, the 7th Circuit held that the district court did not abuse its discretion by declining to extend the time for service of process under facts approximating, those in the case at bar.  ***Troxell*, 162 F.3d at 382-383**.  For example, in *Troxell*, the plaintiff mailed the waiver of service of process forms on the same day the case was filed, but never followed up until after the 120 day period expired.  ***Id.* at 382**.  The defendant never acknowledged receipt of the waiver forms.  *Id*.  In the case at bar, Plaintiff waited until only a few days before the 120 day time period expired before mailing the same forms.   Like the Plaintiff in the case at bar, Troxell eventually served formal process but not until well after the 120 day period expired.  *Id.*  Moreover, like in the case at bar, Troxell did not move for an extension of time to serve until after the defendant filed a motion to dismiss.  *Id.*  Finally, the district court's dismissal without prejudice was effectively with prejudice because the statute of limitations had run.  *Id*.   On those facts, the 7th Circuit affirmed the district court's denial of a permissive extension of time.  ***Id.* at 383.** The Court is confident that its ruling in this case is similarly sound.

The case of ***In the matter of Bluestein & Company*, 68 F.3d 1022 (7th Cir. 1995)** has <u>no</u> applicability to the case at bar. It concerned an order, issued *sua sponte* by the district court, dismissing the case for want of prosecution. **Id. at 1024-1025**. The 7th Circuit held that "[w]here an order of dismissal for lack of prosecution would reasonably come as surprise to counsel, due warning should precede its entry *sua sponte*. **Id. at 1027**. The case at bar bears no resemblance to the facts of that case, nor are the applicable legal standards comparable. First, in the case at bar, the dismissal was not *sua sponte*, but pursuant to Defendants' timely filed Motions to Dismiss. Plaintiff cannot reasonably claim "surprise" under those circumstances. Moreover, Rule 41(b) applied to the ***Bluestein & Company*** case, while Rule 4(m) is at issue in the case at bar. The standards are starkly different. The only similarity between the cases is that the district court's decision in either event is reviewed for an abuse of discretion. Plaintiff's citation to ***Bluestein & Company*** does not point to a manifest error of law or fact. The Court rejects the arguments associated with it.

Finally, Plaintiff's citation to ***Long v. Simmons*, 77 F.3d 878, 880 (5th Cir. 1996)** and ***Schilling v. Wadworth County Park & Planning Comm'n*, 805 F.2d 272, 275 (7th Cir. 1986)** is also fruitless. As stated in Plaintiff's brief, both cases concerned dismissals as a sanction for failure to comply with a court order. Plaintiff cites *Long* for the proposition that the sanction of dismissal without prejudice that operates as a dismissal with prejudice should be treated as such for purposes of

determining the appropriateness of a sanction. The Court agrees, but the case at bar does not concern a sanction. In *Schilling*, the district court dismissed the pro se plaintiff's case *sua sponte* after he failed to take part in a scheduled telephone conference with the court. ***Schilling, 805 F.2d at 274***. Plaintiff's arguments concerning *Schilling* and *Long* fall wide of the mark of demonstrating a manifest error of law or fact in this case. The case at bar does not concern a sanction, but instead is a dismissal pursuant to Federal Rule of Civil Procedure 4 for failure to serve the defendants within 120 days. Thus, the Court finds that Plaintiff's final argument, like the previous two, fails to point to a manifest error of law or fact.

## IV. CONCLUSION

In sum, none of Plaintiff's arguments demonstrates a manifest error of law or fact. Nor does Plaintiff present any newly discovered evidence. Accordingly, the Court **DENIES** Plaintiff's Motion to Reconsider and Amend Judgment pursuant to Rule 59(e).

**IT IS SO ORDERED.**

Signed this 18th day of August, 2009.

/s/ David R Herndon
**Chief Judge
United States District Court**